UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                          CRIMINAL ACTION NO. 2:10-00177

RANDY TAYLOR

SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER

On March 25, 2015, the United States of America appeared by John J. Frail, Assistant United States Attorney, and the defendant, Randy Taylor, appeared in person and by his counsel, George H. Lancaster, Jr., Assistant Federal Public Defender, for a hearing on the petition on supervised release submitted by Senior United States Probation Officer Patrick M. Fidler.  The defendant commenced a three-year term of supervised release in this action on August 13, 2013, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on May 26, 2011.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant committed the state and local crimes of driving under the influence and operation of a vehicle without a safety belt for which he was arrested and charged on May 30, 2014, after being pulled over by law enforcement and being administered a breath analysis test which registered a blood alcohol content at .109, as evidenced by his admission on the record of the hearing that the government possesses sufficient proof to prove the offenses by a preponderance of the evidence; (2) the defendant left the judicial district without permission inasmuch as on July 20, 2014, he left a voice mail message with the probation officer indicating that he went to Ohio and apologizing for not having received permission in advance, and thereafter the probation officer attempted to contact the defendant but the defendant would not answer; (3) the defendant used and possessed controlled substances as evidenced by urine specimens submitted by him on January 6, 2014, for cocaine; on January 17, 2014, for cocaine and marijuana; on February 4, April 1 and 22, May 5 and September 25, 2014, for cocaine; his admission to the probation

2

officer on April 22, 2014, that he had used marijuana on or about April 19, 2014; and his admission to the probation officer on May 14, 2014, that he had used cocaine and marijuana on or about May 12, 2014; (4) the defendant attempted to evade a drug screen on April 21, 2014, inasmuch as the urine collector witnessed the defendant squirt liquid from a small bottle into the collection cup, the defendant having admitted to the probation officer on April 22, 2014, that he had manipulated his drug screen and also admitting that he had drunk a substance that same morning meant to remove traces of illegal drugs from his urine; (5) the defendant failed to appear for urine screens as directed on July 21, August 7, September 15, 17, 18 and 23, 2014; (6) the defendant failed to appear for substance abuse counseling as directed on July 21, 22, 24 and 29, and August 5 and 7, 2014; and (7) the defendant failed to abide by the special condition that he spend six months in a community confinement center inasmuch as he entered Dismas Charities on September 29, 2014, and was discharged on December 19, 2014, after receiving eight written warnings and eighteen disciplinary reports for which he was placed on a behavioral contract, after which he was unaccountable for an hour resulting in his termination from the program; all as admitted by the defendant

3

on the record of the hearing with the exception of (1) as set forth above and all as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of EIGHT (8) MONTHS, to be followed by a term of twenty-eight (28) months of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the

defendant not commit another federal, state or local crime and the special condition that he report to Prestera as soon as released from custody and commence a program of mental health and drug abuse counseling and treatment, and maintain his participation in that program for as long as the probation officer directs.  The defendant shall also engage himself in full-time lawful, gainful employment.

The defendant was remanded to the custody of the United States Marshal.

Recommendation:  The court recommends that the defendant be designated to an institution as close to Charleston, West Virginia, as feasible, where he can receive the benefit of mental health counseling and treatment, preferably, FCI Beckley.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  March 27, 2015

John T. Copenhaver, Jr.
United States District Judge

5